IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Robert Peoples, ) | |
| ) | Civil Action No. 8:07-3475-CMC-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| v. ) | |
| ) | |
| SCDC, et.al., ) | |
| ) | |
| Defendants. ) | |

The plaintiff, a state prisoner proceeding pro se, brought this action alleging constitutional violations pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion for summary judgment (Dkt. # 30) and the plaintiff's motions for reconsideration (Dkt. # 43), to compel (Dkt. # 44 and 54), to strike (Dkt. # 46 and 52), to suppress evidence (Dkt. # 47), and for contempt (Dkt. # 53).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on October 16, 2007, seeking damages for alleged civil rights violations. On March 6, 2008, the defendants filed a motion for summary judgment. On March 7, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the

possible consequences if he failed to adequately respond to the motion. On April 8, 2008, the plaintiff filed a response opposing the defendants' summary judgment motion. On June 4, 2008, the plaintiff also filed a supplemental response opposing the defendants' summary judgment motion.

## **FACTS**

In his complaint, the plaintiff alleges that on February 13, 2007, after he had been cleaning his cell for two minutes, the defendant Sgt. Canty and Sgt. Davis directed him to return the cleaning supplies. (Compl. at 3.)[1] He states that the South Carolina Department of Corrections ("SCDC") policy allows inmates fifteen minutes to clean their cells. The plaintiff states that he and other inmates "started quoting policy out loud and telling Sgt. Canty [they] were going to write him up." (*Id.*) He alleges an inmate upstairs began to kick the door and that Sgt. Canty, who was by himself at this point, told the inmates that if he heard kicking again, he would gas the inmates. (*Id.*) He states Sgt. Canty than left and "some inmate upstairs over hearing this statement decided to be funny and kick on the door." (*Id.*)

The plaintiff alleges Sgt. Canty came to his cell with "a big gas can" and without warning or issuing another directive opened his flap and gassed him several times. (Compl. 3-4.) The plaintiff alleges he suffered head and chest pain and was prescribed

---

[1]While the plaintiff alleges that the incident took place on February 13, 2007, it appears from the record that the incident actually occurred at 1:25 a.m. on February 14, 2007.

2

medicine for his injuries. He further alleges he was denied a shower and his skin and eyes were burning immensely. (Compl. at 5.)

He alleges he filed a grievance on February 13, 2007, and that on March 13, 2007, the defendant Grievance Coordinator Jean Randall responded to his grievance and visited him in his cell. He alleges Randall told him she would not serve him the response to the grievance unless he had his jumpsuit on and buttoned all the way up. (Compl. at 5.) The plaintiff alleges he told her that the grievance policy did not require his jumpsuit to be buttoned up prior to receiving a response to a grievance and Randall walked away without giving him the response. (*Id.*) He alleges Randall then "closed out" his grievance. (*Id.*) He further alleges on July 11, 2007, Randall gave him all of his grievances and he attempted to appeal the one from February 2007, but he was denied indigency status and "couldn't pay the $25.00 dollar (sic) filing fee required after filing 6 appeals." (Compl. 6.) The plaintiff is seeking actual and punitive damages and costs.

In his compliant, the plaintiff also alleges Sgt. Canty gassed other inmates on February 13, 2007. (Compl. at 4.) He further alleges Sgt. Canty pulled one of these inmates out of his cell, slammed him against the wall, and choked him until he fell to the ground. (*Id.*) He then alleges Sgt. Canty attacked this inmate a second time and that the inmate was taken to the hospital with back and head injuries. (Compl. 4-5.)

**DISCUSSION**

**Excessive Force Claim**

The plaintiff alleges that the defendant Canty violated the plaintiff's Eighth Amendment protection from cruel and unusual punishment by using excessive force when he sprayed mace on the plaintiff on February 14, 2007. The defendants contend the plaintiff has failed to state a claim. The undersigned agrees.

To establish an Eighth Amendment claim for cruel and unusual punishment, the plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The subjective component requires the inmate to show that the officer applied force not "in a good faith effort to maintain or restore discipline," but rather applied force "maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Wilson,* 501 U.S. at 299. In evaluating whether the use of force was wanton or unnecessary, the Court considers the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the officials, and any efforts made to temper the severity of a forceful response. *Hudson,* 503 U.S. at 7.

Because prison disturbances require prison officials to act "quickly and decisively," the courts affords them "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. at 547. Further, the Fourth Circuit has held, the United States Constitution permits small quantities of pepper spray, or mace, to be used to control recalcitrant inmates. *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996).

The objective component requires the inmate to prove that the use of force was more than de minimis or, in the alternative, that it was repugnant to the conscience of mankind. *Id*. at 9-10. De minimis injury can be conclusive evidence that the force used was also de minimis and, therefore, not violative of constitutional protections. *See Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir.1994).

There is no dispute that Canty administered mace into four inmates' cells, including the plaintiff's cell on February 14, 2007. (Compl. at 4; Defs.' Mem. Supp. Summ. J. Mot. Ex. 1.) Further, the plaintiff acknowledges that immediately prior to the macing, Sgt. Canty directed the inmates not to kick the doors and an inmate purposefully disobeyed and "decided to be funny and kick on the door." (Compl. at 3.) The record indicates that Sgt. Canty acted for legitimate "correctional purposes" and "in good faith," which clearly supports a finding that he did not act with malicious or sadistic intent. The evidence, viewed in a light most favorable to the plaintiff, does not support an inference that it was maliciously and sadistically with the intent to cause harm. *Whitley,* 475 U.S. at

320-21. Thus, the plaintiff fails to illustrate that the force was not applied "in a good faith effort to maintain or restore discipline." *Whitley*, 475 U.S. at. 320-21; *see also Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (no excessive force if amount of force commensurate with need therefor). As such, the undersigned finds that the plaintiff has failed to allege sufficient facts to satisfy the objective component of an excessive force claim.

Furthermore, although the plaintiff may have suffered the symptoms which he has complained of during the incident, the evidence clearly shows that any such injury was in fact de minimis. Almost all persons suffer an adverse reaction to pepper spray or mace. "Pepper spray is designed to cause intense pain, a burning sensation that causes mucus to come out of the nose, an involuntary closing of the eyes, a gagging reflex, and a temporary paralysis of the larynx." *Headwaters Forest Defense v. County of Humboldt*, 240 F.3d 1185, 1200 (9th Cir. 2001).

Depending on the facts alleged, the issue of whether an injury is de minimis may be found "as a matter of law." *Carter v. Morris*, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (plaintiffs claimed injury so "insubstantial that it cannot as a matter of law support her claim ...."). In his complaint, the plaintiff alleges he "suffered sever head and chest pain over this incident and was prescribed some medicine for his injuries" and "[b]oth my skin and eyes were burning with immense pain." (Compl. at 5.)  Following the incident, the record shows that the plaintiff was examined by Nurse Monica Molloy. (*Id*. ¶ 3 & Ex. 2 at 1.) The plaintiff complained of a headache, but all of his vital signs were normal and no injuries were noted. He was given two percogesic. (*Id.*)  It has been held that

allegations, such as the plaintiff's, showing only temporary pain and/or swelling, but not permanent injury, are insufficient to support an excessive force claim for damages under § 1983. *See Wertish v. Krueger,* 433 F.3d 1062 (8th Cir.2006) (relatively minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition were de minimis injuries and insufficient to support claim of excessive force); *Carter*, 164 F.3d at 219 n. 3 (claim that handcuffs were too tight and that an officer pushed plaintiff's legs as she got into the police car did not support claim); *Norman*, 25 F.3d at 1263-64 (swollen thumb was de minimis ). *See also Taylor v. McDuffie*, 155 F.3d 479, 484 (4th Cir.1998) ("temporary swelling and irritation is precisely the type of injury this Court considers de minimis" ).  The plaintiff has alleged only de minimis injuries.

However, even if a prisoner's injuries are de minimis, he may still recover if "extraordinary circumstances" are present.  *See Norman*, 25 F.3d at 1263. Extraordinary circumstances are present when the force used is "diabolic," "inhuman," or repugnant to the conscience of mankind, or the pain itself constitutes more than de minimis injury. *Hudson*, 503 U.S. at 8.  Under such circumstances, even relatively minor injuries could constitute excessive force in violation of the Eighth Amendment. In this case, plaintiff's allegations, do not, in any respect, reach the level of "diabolic," or "inhuman" conduct, or that which is repugnant to the conscience of mankind.  What the plaintiff alleges is a minor physical assault by guards on a prisoner that resulted in de minimis injuries. As such, plaintiff's allegations do not rise to the level of "extraordinary circumstances."

The record shows that Sgt. Canty's actions were clearly intended to maintain or restore discipline, and not to be malicious or sadistic. The plaintiff's claims fail for this reason alone; however, the plaintiff's claims also fail because he alleges, at most, de minimis injuries, which do not rise to the level of a constitutional injury. Accordingly, the plaintiff's claims should be dismissed for failure to state a claim.

**Failure to Respond to Grievance**

The plaintiff alleges the defendant Jean Randall violated his due process rights by failed to respond to his grievance and closing out his grievance. The defendants contend the plaintiff has failed to state a claim. The undersigned agrees.

As set out above, the plaintiff filed a grievance regarding the macing incident and on March 13, 2007, the defendant Randall visited the plaintiff in his cell in an attempt to serve him with a response to his grievance. Randall told him she would not serve the plaintiff the response to the grievance unless he had his jumpsuit on and buttoned all the way up. (Compl. at 5.) The plaintiff alleges he told her that the grievance policy did not require his jumpsuit to be buttoned up prior to receiving a response to a grievance and Randall walked away without giving him the response. (*Id.*) Randall then "closed out" his grievance. (*Id.*) He further alleges on July 11, 2007, Randall gave him all of his grievances and he attempted to appeal the one from February 2007, but he was denied indigency status and "couldn't pay the $25.00 dollar (sic) filing fee required after filing 6 appeals." (Compl. 6.)

In her affidavit, Randall states that she investigated the plaintiff's grievance and determined it was without support. (Defs.' Mem. Supp. Summ. J. Mot. Ex. 1 - Randall Aff. ¶ 4.) She states that she attempted to serve the response to this grievance on the plaintiff on March 13, 2007. (*Id.*) She states that the plaintiff was not properly dressed, and refused to get dressed. (*Id.* ¶ 5.)

Even assuming, that Randall refused to respond to the plaintiff's grievance, the plaintiff has failed to state a constitutional claim. The law is well-settled that there is no constitutional right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137-138 (1977). Even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action. *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1944)(dismissing plaintiff's claim that he was retaliated against when he was barred access to the grievance process because "the Constitution creates no entitlement to grievance procedures or access to any such procedure"). Accordingly, the plaintiff has failed to state a constitutional claim regarding his grievance.[2]

**Qualified Immunity**

The defendants also raise the defense of qualified immunity. Qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then

---

[2] Additionally, the undersigned notes the defendants have specifically stated that they are not arguing that the plaintiff's excessive force claim should be dismissed for failure to exhaust administrative remedies. (Defs.' Mem. Supp. Summ. J. Mot. at 11.)

9

determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir.1992). However, because there is no evidence that any specific right of the plaintiff was violated, it is unnecessary for this Court to address the qualified immunity defense. *See Porterfield v. Lott,* 156 F.3d 563, 567(4th Cir.1998) (when the court determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist.").

**Plaintiff's Remaining Pending Motions**

The plaintiff has several pending motions regarding discovery: motions for reconsideration (Dkt. # 43), to compel (Dkt. # 44 and 54), to strike (Dkt. # 46 and 52), to suppress evidence (Dkt. # 47), and for contempt (Dkt. # 53). Based upon the undersigned's conclusion that the plaintiff has failed to state a claim, it is recommended that these motions be denied as moot. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir.1995) (holding that district court may rule on summary judgment motion despite pending motion to compel discovery where the plaintiff did not identify facts he hoped to obtain through discovery that would prevent entry of summary judgment against him); *Waible v. McDonald's Corp.*, 935 F.2d 924, 926 (8th Cir.1991) (upholding the grant of summary judgment despite outstanding discovery requests because the Court could not find that the "unanswered interrogatories contained information [the Plaintiff] needed in order to adequately respond to the motion for summary judgment."). Moreover, as recognized by the Eighth Circuit, "[t]he purpose in moving for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to

the expense and delay of discovery." *Fitzgerald v. Patrick*, 927 F.2d 1037, 1039 (8th Cir.1991).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the Plaintiff's Motions for Reconsideration (Dkt. # 43), to Compel (Dkt. # 44 and 54), to Strike (Dkt. # 46 and 52), to Suppress Evidence (Dkt. # 47), and for Contempt (Dkt. # 53) be DENIED as moot.

FURTHERMORE, since the complaint filed in this case clearly fails to state a claim on which relief may be granted and is frivolous, it is also RECOMMENDED that this case be deemed a "STRIKE" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

**IT IS SO RECOMMENDED.**

s/Bruce Howe Hendricks
United States Magistrate Judge

September 10, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).